**Carla A. LONGERBEAM,**
**Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner**
**of Social Security, Defendant–**
**Appellee.**

No. 10–56250.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2012.*

Filed Feb. 10, 2012.

Thomas Garrett Roche, San Diego, CA, for Plaintiff–Appellant.

Brenda Pullin, Assistant Regional Counsel, Theophous H. Reagans, II, Esquire, Special Assistant U.S. Attorney, Kathryn R. Watson, SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Carla Longerbeam appeals the denial of her application for disability insurance benefits under the Social Security Act. 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's decision to affirm an Administrative Law Judge's (ALJ) denial of social security benefits. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.2001).

The ALJ considered the testimony of Dr. Schorn, a non-examining physician, sufficiently. The ALJ was entitled to discount Dr. Schorn's opinion regarding Longerbeam's inability to sustain work, particularly because it was speculative and conflicted with the opinions of several other physicians who treated and examined

Longerbeam. 20 C.F.R. § 404.1527(d); *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002); *see also Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996). No further explanation of the weight given to Dr. Schorn's testimony was required.

In addition, ample medical evidence supports the ALJ's determination that Longerbeam's limitations do not rise to the level of a disability under the Social Security Act.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

